IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| LINDA SUDA,<br><br>                Plaintiff,<br><br>v.<br><br>CHRISTENSEN AND LARSEN INVESTMENT,<br><br>                Defendant. | MEMORANDUM DECISION AND ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT<br><br>Case No. 2:18-CV-443 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Plaintiff's Motion for Default Judgment. For the reasons set forth below, the Court will deny the Motion without prejudice.

I. BACKGROUND

Plaintiff Linda Suda filed her Complaint on June 5, 2018, alleging that Defendant Christensen & Larsen Investment Company violated certain provisions of the Americans with Disabilities Act ("ADA") and seeking both injunctive relief and declaratory judgment. Plaintiff served Defendant with the Complaint on June 8, 2018. Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant's answer was due on June 29, 2018. Defendant has not yet filed an answer or otherwise made an appearance in this case.

Plaintiff moved for entry of default by the Clerk of Court on July 11, 2018. The Clerk granted the motion and entered a Default Certificate against Defendant for failure to answer the Complaint on July 23, 2018. Plaintiff now requests that the Court enter default judgment against Defendant. In so doing, Plaintiff requests an order permanently enjoining Defendant from violating certain ADA provisions as they pertain to Defendant's public premises and issuing

1

declaratory judgment that (1) an actual controversy exists between and Plaintiff and Defendant; and (2) that Plaintiff is a disabled person who is being subjected to discrimination on the basis of her disability. Plaintiff also seeks attorney's fees.

## II. DISCUSSION

Rule 55(b)(2) of the Federal Rules of Civil Procedure provides authority for district courts to enter default judgment. While "the entry of a default judgment is committed to the sound discretion of the district court," the "judgment must be supported by a sufficient basis on the pleadings."[1] The Court must, therefore, ensure Plaintiff includes sufficient factual allegations in her pleadings to support each of her claims for relief prior to granting default judgment.

A. INJUNCTION

> To receive an injunction, the plaintiff must show:
>
> (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.[2]

However, Plaintiff argues that "[b]ecause the ADA sets forth the criteria necessary for injunctive relief, the traditional equitable factors, including a showing of irreparable harm, need not be proved."[3]

Plaintiff's argument is based on the Tenth Circuit's opinion in *Atchison, Topka & Santa Fe Railway Co. v. Lennen*.[4] In *Atchison*, the plaintiffs sought an injunction under a statute that

---

[1] *Tripodi v. Welch*, 810 F.3d 761, 764–65 (10th Cir. 2016).

[2] *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 156–57 (2010) (quotation marks and citation omitted).

[3] Docket No 8, at 3.

[4] 640 F.2d 255 (10th Cir. 1981).

2

gave United States district courts authority to grant injunctive relief to prevent violations of the relevant statute. The district court denied the plaintiffs' request for an injunction after finding that that the factors for consideration did not favor injunctive relief. The Tenth Circuit reversed, finding that "[w]here an injunction is authorized by statute it is unnecessary for plaintiff to plead and prove the existence of the usual equitable grounds, irreparable injury and absence of an adequate remedy at law. It is enough if the requirements of the statute are satisfied."[5]

More recently, however, the Tenth Circuit has narrowed the scope of *Atchison*. In *Fish v. Kobach*,[6] the Tenth Circuit rejected the plaintiffs' reliance on *Atchison* to support that they need not make a showing of irreparable harm. The Tenth Circuit held that *Atchison*, and the decisions following it, must be read in light of the Supreme Court's decision in *Weinberger v. Romero–Barcelo*,[7] wherein the Supreme Court clarified "the narrow circumstances when a presumption of irreparable injury could apply stemming from a congressional enactment."[8] "Following *Romero–Barcelo*, [the Tenth Circuit has] held that only an 'unequivocal statement' by Congress may modify the courts' traditional equitable jurisdiction."[9]

In *First Western Capital Management Co. v. Malamed*,[10] the Tenth Circuit again reiterated the narrow scope of *Atchison*, holding that "when a statute mandates injunctive relief as a remedy for a violation—or impending violation—of the statute, it has effectively constrained the courts' traditional discretion to determine whether such relief is warranted,"

---

[5] *Id.* at 260 (quoting *Shadid v. Fleming*, 160 F.2d 752, 753 (10th Cir. 1947)).

[6] 840 F.3d 710 (10th Cir. 2016).

[7] 456 U.S. 305 (1982).

[8] *Fish*, 840 F.3d at 754 n.24.

[9] *Id*. (quoting *Garcia v. Bd. of Educ.*, 520 F.3d 1116, 1129 (10th Cir. 2008)).

[10] 874 F.3d 1136 (10th Cir. 2017).

however, "when a statute merely authorizes—rather than mandates—injunctive relief, courts must determine that the moving party has established all four elements to grant injunctive relief."[11]

The Court must therefore consider whether the ADA authorizes or mandates injunctive relief. The relevant provision of the Statute states that,

> Whenever any person has engaged or there are reasonable grounds to believe that any person is about to engage in any act or practice prohibited by section 2000a-2 of this title, a civil action for preventive relief, including an application for a permanent or temporary injunction, restraining order, or other order, may be instituted by the person aggrieved.[12]

Nothing in the plain language of this statute suggests that injunctive relief is mandated. While only injunctive, and not monetary, relief "may" be sought by the aggrieved party, the statute does not dictate that the court must grant such relief if a violation occurs or may occur.

Plaintiff cites to *Antoninetti v. Chipotle Mexican Grill, Inc.*,[13] wherein the Ninth Circuit found the district court abused its discretion in denying injunctive relief under the ADA. The Ninth Circuit, however, did not decide whether the plaintiff was required to make a showing of the equitable factors, but instead, declined to reach a determination on that issue because it found that, contrary to the district court's finding, the plaintiff had demonstrated irreparable harm. *Antoninetti*, therefore, does not support Plaintiff's argument. Further, *Antoninetti* is not binding on this Court and predates the relevant case law discussed above.

---

[11] *Id.* at 1141.

[12] 42 U.S.C. § 2000a-3(a); *see also* 42 U.S.C. § 12188(a)(1) ("The remedies and procedures set forth in section 2000a-3(a) of this title are the remedies and procedures this subchapter provides to any person who is being subjected to discrimination on the basis of disability in violation of this subchapter . . . .").

[13] 643 F.3d 1165 (9th Cir. 2010).

Under the established law in this Circuit, Plaintiff must make a showing of each of the equitable factors before this Court may grant injunctive relief. Plaintiff's pleadings do not allege facts supporting any of the four factors. The Court must therefore deny default judgment on this claim.

B. DECLARATORY JUDEMENT

Under the Declaratory Judgment Act, "[i]n a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, *may* declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."[14] "Because of the Act's use of the word 'may,' the Supreme Court has held it confers upon courts the power, but not the duty, to hear claims for declaratory judgment."[15]

The Tenth Circuit has identified five factors for courts to consider when determining whether to exercise jurisdiction in an action for declaratory relief:

> [1] whether a declaratory action would settle the controversy; [2] whether it would serve a useful purpose in clarifying the legal relations at issue; [3] whether the declaratory remedy is being used merely for the purpose of procedural fencing or to provide an arena for a race to res judicata; [4] whether use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and [5] whether there is an alternative remedy which is better or more effective.[16]

Upon consideration of the relevant factors, the Court will not exercise its discretionary jurisdiction. A declaratory judgment at this time will neither settle the controversy nor clarify the

---

[14] 28 U.S.C. § 2201(a) (emphasis added).

[15] *Mid–Continent Cas. Co. v. Vill. at Deer Creek Homeowners Ass'n, Inc.*, 685 F.3d 977, 980 (10th Cir. 2012) (citing *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286–87, (1995)).

[16] *State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 983 (10th Cir. 1994) (internal quotation marks and citation omitted) (emphasis omitted).

legal relations at issue; nor would it serve any apparent useful purpose where the injunction has not yet been granted. Therefore, the Court will also deny Plaintiff's request for default judgement on this claim.

C. ATTORNEY'S FEES

Plaintiff also asks for an award of attorney's fees. The ADA provides that, "[i]n any action . . . commenced pursuant to this chapter, the court . . . may allow the prevailing party . . . a reasonable attorney's fee . . . ."[17] Plaintiff has not yet received an injunction and is, therefore, not the prevailing party. Thus, the Court cannot yet award Plaintiff her attorney's fees.

### III. CONCLUSION

It is therefore

ORDERED that Plaintiff's Motion for Default Judgment (Docket No. 8) is DENIED without prejudice.

DATED this 20th day of November, 2018.

BY THE COURT:

_____
Ted Stewart
United States District Judge

---

[17] 42 U.S.C. § 12205.